(No. 20801

THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellee, *vs.* T. B. SWANSON, Appellant.

*Opinion filed February 19, 1932—Rehearing denied April 6, 1932.*

CHARLES G. HENDRICKS, for appellant.

JOHN A. SWANSON, State's Attorney, JAMES F. CLANCY, and WALTER E. JOHNSON, (JOHN E. PEDDERSON, LOUIS H. GEIMAN, and HAYDEN N. BELL, of counsel,) for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

On July 8, 1928, the county collector of Cook county made application to the county court of that county for judgment and order of sale for delinquent taxes for 1927 against two pieces of real estate in Cook county of which appellant was a part owner. Appellant filed objections to the application, they were overruled, judgment was entered, and an appeal was prosecuted to this court.

The seventh objection, which is the only one urged, is that the valuations of the two pieces of real estate as fixed

by the board of assessors and board of review are so excessive as to amount, in law, to a fraud. The objection alleges that the board of assessors valued the first piece of land at $66,600 and the improvements at $100,000; that the second piece of land was valued at $118,750 and the improvements $35,000; that appellant filed objections to these assessments with the board of review, and the board reduced the assessment on the improvements on the first piece to $40,000 and the assessment on the improvements on the second piece to $25,000; that the board of review referred the question of the value of the lands to its land valuation committee, and this committee recommended that the values of both pieces of land remain as originally assessed, and the assessments were based upon these values.

Upon the hearing of the objections before the court appellant moved to confine the hearing to the land values as fixed by the board of assessors and the board of review and to exclude the valuation of either board as to the improvements. The court overruled this motion and heard testimony as to the value of both the improvements and the lands. The evidence on behalf of appellee is that the first piece of land is worth $79,368 and the improvements are worth $390,360; the evidence on behalf of appellant is that the first piece of land is worth $60,000 and the improvements are worth from $315,000 to $340,000. The evidence on behalf of appellee is that the second piece of land is worth $157,705 and the improvements are worth $255,-622; the evidence on behalf of appellant is that the second piece of land is worth $85,500 and the improvements are worth $20,000. These values are stipulated in the record. It is also stipulated that a member of the board of assessors testified in the county court in all cases of this kind then before the court that the general level of valuations of real estate for tax purposes is forty per cent of its fair cash market value. The court held that the lands and the improvements should be assessed together and that they con-

stituted but one assessment; that the assessed values of the improvements were low and the assessed values of the lands were high; that a combination of the values made fair assessments, and that the objections should be overruled.

Appellant states in his brief that the question presented for review is whether or not he had the right to submit only the question of the alleged fraudulent and excessive valuation of the lands and to have excluded from consideration the value of the improvements. He insists that the highest value placed by the witnesses for appellee upon the first piece of land is $79,368; that forty per cent of this is $31,747.20 but the board of review placed the assessment at $66,600; that the highest value placed by the witnesses for appellee on the second piece of land is $157,705; that forty per cent of this is $63,082 but the assessment of the board of review is $118,750, therefore both pieces of land, considered separate and apart from the improvements, were valued at over double what other real estate in Cook county is assessed.

In support of his contention that the land and improvements should be assessed separately and that he had a right to limit his evidence exclusively to the value of the land, the appellant cites section 14 of the Revenue act of 1898, (Smith's Stat. 1931, chap. 120, p. 2431,) which provides, in part, "that the value of lands and improvements shall be separately fixed and shall in any assessment made hereafter be set down in separate columns in said assessor's books." This section has no application to the question at issue in this case. It only applies to the duties of assessors in years other than general assessment years where the assessor is of the opinion that there has been such an increase or decrease in the value of the improvements as to justify a reassessment, in which case he is to fix the value of the lands and the value of the improvements separately and place them in separate columns. This section also provides that the assessor shall not in any year, except the year of the

quadrennial assessment, change the valuation of any real estate or improvements, or the division thereof, except as provided in that section. Section 9 of the same act provides that all real property shall be assessed in 1899 and quadrennially thereafter. The assessment in this case was made in 1927, which was a year in which there was a general re-assessment of all real estate throughout the county, therefore section 14 has no application. Section 12 of the same act provides that in making a general assessment the assessor shall set down his valuation of improved tracts and lots in one column and his valuation of unimproved tracts and lots in another column. In assessing improved real estate the assessing body places a valuation upon the land and a valuation upon the improvements, but it is evident from section 12 and various other sections of the Revenue act, including the provisions for the levy, extension and collection of taxes, the application for judgment and order of sale in case of default and in the execution of certificates of sale and deeds thereon, that the assessment, when finally completed, is based upon the value of the land and the value of the improvements taken together. It is one assessment and not separate assessments, as contended by appellant. The court was not in error in refusing to limit the evidence to the value of the lands exclusive of the improvements. When the values of the lands and the improvements are considered together the assessment on neither property is excessive.

We find no reversible error, and the judgment is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*